UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| APRIL TANTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2419 (RMU) |
| | ) | |
| DEPARTMENT OF THE INTERIOR et al., | ) ) ) | |
| Defendants. | ) ) | |

MOTION FOR EXTENSION OF TIME
TO ANSWER, MOVE, OR OTHERWISE RESPOND
TO THE COMPLAINT

Defendants, by and through the undersigned, respectfully request a one-week enlargement of time within which to answer, move, or otherwise respond to the complaint in the above-captioned case until February 3, 2006. As indicated below, this is defendants' second request. In support of this motion, defendants state the following:

1. Plaintiff, April Tanter, is an employee of the National Park Service in the Department of the Interior. She brought this action, *pro se*, in the Superior Court of the District of Columbia on October 4, 2005 against the federal defendants. Service under Fed. R. Civ. P. 4(i), including service on the United States Attorney for the District of Columbia, was not accomplished.

2. In her complaint, plaintiff alleges that she was attacked by an employee of the National Business Center in the parking garage where they were assigned parking. She alleges that subsequently, she was subject to a hostile work environment due to the assault and that the defendants were negligent in failing to protect the plaintiff from any further contact with the

employee who assaulted her. Thus, the complaint appears to allege claims that would fall exclusively within Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e *et seq.*, and/or the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and/or the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq.*

    3. Accordingly, on December 16, 2005, defendants removed this matter to the United States District Court for the District of Columbia. Pursuant to Fed. R. Civ. P. 81(c), defendants could have been required to respond to the complaint on or before December 23, 2005.

    4. Defendants anticipate filing a dispositive motion in response to the complaint. Discussions with employees within the Department of the Interior indicate that the complaint may be dismissed for lack of subject matter jurisdiction, failure to exhaust administrative remedies, failure to state a claim or as untimely. Defendants, however, needed additional time to investigate the facts, obtain declarations in support of their motion and brief the legal support for their arguments to the Court. Due to the intervening holidays and absence of key individuals who have knowledge of pertinent matters in this case during that period, defendants sought an uncontested enlargement to January 28, 2006 within which to prepare and file their motion. also require that defendants seek additional time to prepare and file their motion.

    5. Defendants request this further enlargement of time because undersigned counsel was out of the Office for a significant portion of the week of January 17-20, 2006 due to illness. Accordingly, she was unable to speak with agency personnel about the case or to accomplish any substantive work on the defendants' motion for that week. Upon return to the Office on January 23, 2006, counsel had to catch up with this and other matters and at this point, counsel does not believe that she will be able to complete a dispositive motion with necessary exhibits that will

adequately respond to the complaint in light of the time lost and the press of other work. Accordingly, undersigned counsel requests an extension for approximately the same amount of time of five business days.

5. On January 24, 2006, undersigned counsel spoke with Ms. Tanter and advised her that defendants would be seeking additional time within which to respond to the complaint.[1] At the time of filing this motion, Ms. Tanter had not taken a position.

WHEREFORE, defendants respectfully request that this motion for extension of time to and including February 3, 2006 be granted. A proposed order accompanies this motion.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

_____/s/_____
MADELYN E. JOHNSON, DC Bar #292318
Assistant United States Attorney
U.S. Attorney's Office – E4114
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7135

---

[1] Local Civil Rule 7(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*". It does not require counsel to discuss such motions with pro se parties. Nonetheless, it has been the general practice of this Office to attempt to discuss such motions with nonprisoner pro se parties.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of January, 2006, I caused the foregoing Motion to be served upon pro se plaintiff through filing with the United States District Court's ECF system and by mail addressed:

Ms. April Tanter
7113 Ora Gun Court
Greenbelt, MD 20770

                                                                                      _____
                                                                                      MADELYN E. JOHNSON
                                                                                       Assistant United States Attorney
                                                                                       Judiciary Center Bldg.
                                                                                       555 Fourth Street, N.W., Rm E4114
                                                                                       Washington, D.C. 20530
                                                                                       (202) 514-7135