UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| APRIL TANTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2419 (RMU) |
| | ) | |
| DEPARTMENT OF THE INTERIOR et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANT'S MOTION TO DISMISS

Defendants, through their undersigned attorneys, respectfully move the Court, pursuant to Rules 12(b)(1) the Federal Rules of Civil Procedure, for an order dismissing this case in its entirety on the grounds that plaintiff can not establish that this Court has jurisidiction over her Complaint alleging two counts of negligence.

In support of this Motion, Defendants submit the attached memorandum of points and authorities with supporting declarations, and a proposed order.

WHEREFORE, Defendants respectfully request that this motion be granted.

Respectfully submitted,

      /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

      /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

      /s/
MADELYN E. JOHNSON, D.C. BAR # 292318
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Rm. E4114
Washington, D.C. 20530
(202) 514-7135

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APRIL TANTER,                                )<br>                                                       )<br>           Plaintiff,                           )<br>                                                       )<br>v.                                                  )<br>                                                       )<br>DEPARTMENT OF THE INTERIOR )<br>     et al.,                                       )<br>                                                       )<br>           Defendants.                      )<br>_____) | Civil Action No.  05-2419 (RMU) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

For the reasons discussed below, Defendants urge the Court to dismiss the above-captioned action with prejudice.  Ms. Tanter purports to bring a complaint alleging negligence on the part of the Department of Interior and one of its sub-components, the National Business Center.  Ms. Tanter, however, can not establish that this Court has jurisdiction to hear this suit under the terms of the Federal Employees Compensation Act and the Federal Tort Claims Act.  Accordingly, the case should be dismissed with prejudice.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff, April Tanter, is an employee of the United States Department of Interior, National Park Service.  She is currently on worker's compensation pursuant to the Federal Employees Compensation Act (FECA) for injuries she sustained as a result of the incident that forms the basis of this suit.  On October 4, 2005, Ms. Tanter  filed a complaint in the Superior Court of the District of Columbia alleging that on November 11, 2002, she was sexually assaulted in the parking garage at the

Federal Reserve Building where she had parking privileges. See Complaint at 2.[1] Ms. Tanter's assailant, Mr. Fox, was also an employee of the Department of Interior, in the National Business Center. Id. Ms. Tanter claims that after her assailant plead guilty and was convicted of the attack, he was allowed to return to work and continued to harass her at her new assigned parking area and new working environment. Id. She alleges that the Defendants contributed to the emotional injury and the post-traumatic stress disorder that Ms. Tanter suffered as a result of the sexual assault. Id.

Based on these factual allegations, Ms. Tanter raises two claims of negligence: Count I asserts negligence on the part of the National Business Center for failure to screen employees and failure to create a hostile free workplace after being put on notice that one of its employees was "a drug user and sexual predator". Id. Count II asserts negligence on the part of the Department of Interior for failure to screen employees; failure to maintain a hostile free environment; and failure to offer emergency medical assistance to Ms. Tanter after she was attacked. Id. at 3. For the reasons discussed below, the Court should dismiss both counts with prejudice

---

[1] The Complaint filed in Superior Court, captioned Tanter v. Department of Interior, et al., Civil Action No. 05-0008020, was removed to this Court on December 16, 2005. That original Complaint is attached to the Defendants' removal papers. Dkt. 1. At approximately the same time as the removal was being effectuated, Ms. Tanter filed an Amended Complaint in Superior Court which made no changes to the text of the Complaint but purported to add the Attorney General of the United States and the United States Attorney's Office as Defendants. There are no allegations concerning these added Defendants in the original or amended complaints and, for the reasons given in this motion, among others, this action can not be maintained against the Attorney General and the United States Attorney's Office. Defendants do not dispute that Ms. Tanter was assaulted.

## II.     STANDARD OF REVIEW

Defendants move for dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff clearly bears the burden of establishing subject matter jurisdiction. *See Judicial Watch v. FBI*, 190 F.Supp.2d 29, 32 (D.D.C. 2002); *Rann v. Chao*, 154 F.Supp.2d 61, 64 (D.D.C. 2001); *aff'd* 346 F.3d 192 (D.C. Cir. 2003), *cert. denied*, 125 S.Ct. 35 (2004). *See also*, *Miller v. United States*, 710 F.2d 656, 662 (10th Cir.), cert. denied, 104 S.Ct. 352 (1983). In deciding the motion, the Court must accept the Complaint's well-pled factual allegations as true and draw all reasonable inferences in the Plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). The Court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *See, e.g., Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Moreover, the Court need not limit itself to the allegations of the Complaint, but may consider such materials outside the pleadings as it deems necessary to resolve the question whether it has jurisdiction in the case. *See Scolaro v. D.C. Bd. of Elections and Ethics*, 104 F.Supp.2d 18, 22 (D.D.C. 2000) (*citing Herbert v. National Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *Rann*, 154 F.Supp.2d at 64.

Finally, although a *pro se* complaint might be held to a less stringent standard than that prepared by an attorney, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), nonetheless, "[a] pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.1981). Here, even giving Ms. Tanter leeway in the

application of the Federal Rules,[2] the Court clearly has no jurisdiction over the subject matter of this suit – a claim of negligence on the part of Ms. Tanter's employer.

### III.  ARGUMENT

The only claims raised in Plaintiff's Complaint are two counts of negligence on the part of the National Business Center and the Department of Interior. These claims must be dismissed.

It is well established that sovereign immunity bars all suits against the United States except in accordance with the explicit terms of a statutory waiver of such immunity. *See United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1316 (D.D.C. 1985). In the instant case, two statutory waivers of sovereign immunity are relevant. First, the FTCA provides the exclusive waiver of immunity for personal injury caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her employment. 28 U.S.C. §1346(b)(1). Second, the FECA prohibits any judicial action by an employee who is otherwise entitled to recover damages from the United States because of the employee's injury. 5 U.S.C. § 8116(c).

Ms. Tanter applied for benefits under the FECA as a result of the assault in the Federal Reserve parking lot that forms the basis of this case. *See* Exh. B. Ms. Tanter's claim was granted in November 2003, and copies of pay records demonstrates that she is currently covered by FECA benefits. *Id. at 5.*[3] FECA coverage means that any suit for negligence must be dismissed pursuant to

---

[2]  Plaintiff never pleads a request for any remedy in her complaint, which is a material deficiency under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a).

[3]  The first column on page 5 of Exhibit A shows the pay code of "160" for Monday through Thursday of week one of the effected pay period and Monday through Friday of the second week (an

the statutory prohibition of Section 8116(c). As the Supreme Court observed in *Lockheed Aircraft Corp. v. United States, et al.*, 460 U.S. 190, 103 S. Ct. 1033, 1036 (1983), FECA's exclusive liability provision was designed to protect the government from suits under statutes such as the FTCA, as the *quid pro quo* for FECA's guarantee to employees of the right to receive immediate, fixed benefits, regardless of fault and without the need for litigation. There is no dispute that Ms. Tanter's compensation pursuant to FECA means that her FTCA complaint must be dismissed.

Even if her suit was not precluded by FECA, the Court would lack jurisdiction over any FTCA suit. As a prerequisite to the filing of a civil tort action, the FTCA unequivocally requires that the claimant first file an administrative claim with the agency from which she seeks relief. 28 U.S.C. 2675(a). This provision is jurisdictional and cannot be waived. *Hohri v. United States*, 782 F.2d 227, 245-46 (D.C. Cir.), *reh. denied*, 793 F.2d 304 (D.C. Cir. 1986), *rev'd on other grounds*, 107 S. Ct. 2246 (1987). In the instant case, a search of the relevant database of claims submitted to the Department of Interior reveals that Ms. Tanter never filed an FTCA administrative claim. *See* Declaration of Perri Rothemich, ¶¶ 3-4 (Exh. A, hereto).

Finally, even assuming that Ms. Tanter's claims could survive either argument above, the Defendants named in this suit must all be dismissed because under the FTCA, the only proper defendant is the United States. 28 U.S.C. § 2679(a). Accordingly, Courts long ago recognized that any FTCA suit brought against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction. *See, e.g., Hagmeyer v. Department of Treasury,* 647

---

Alternative Work Schedule of 80 hours). The code 160 indicates that Ms. Tanter was on compensated FECA leave in a pay status beginning with this pay period in November 2003. See Exhibit C at 2.

F.Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA suit against Department of Treasury); *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984). Thus, the Court should dismiss the Defendants on this basis as well.

## CONCLUSION

Accordingly, for the reasons set forth above, the Court should dismiss this case.

Respectfully submitted,

s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

s/
MADELYN E. JOHNSON, D.C. BAR # 292318
Assistant United States Attorney
United States Attorney's Office
Civil Division – e4114
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7135

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of February, 2006, I caused the foregoing Motion to Dismiss, Memorandum of Points and Authorities in Support, Exhibits and Proposed Order be served upon pro se plaintiff through filing with the United States District Court's ECF system and by mail addressed:

Ms. April Tanter
7113 Ora Gun Court
Greenbelt, MD 20770

                                                 _____
                                                 MADELYN E. JOHNSON
                                                 Assistant United States Attorney
                                                 Judiciary Center Bldg.
                                                 555 Fourth Street, N.W., Rm E4114
                                                 Washington, D.C. 20530
                                                 (202) 514-7135