UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| APRIL TANTER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-2419 (RMU) |
| | : | | |
| v. | : | Document No.: | 6 |
| | : | | |
| DEPARTMENT OF THE INTERIOR *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |
| | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION TO DISMISS

### I.   INTRODUCTION

The plaintiff, an employee of the National Park Service, claims that she was sexually assaulted in the parking garage at the Department of the Interior ("DOI").[1] According to the plaintiff, her attacker continued to harass her at work, causing her emotional stress and increasing the trauma of the original attack. The plaintiff brings claims against defendants DOI and National Business Center[2] ("NBC") for negligently failing to screen employees, creating a hostile work environment and for failing to offer her medical assistance after her attack. The defendants move to dismiss, claiming that the court lacks jurisdiction over the plaintiff's claims.

---

[1] The defendants contend that the attack occurred in the "Federal Reserve Building where the plaintiff had parking privileges." Def.'s Mot at 2. Neither the location of the attack nor the ownership of the parking garage are material to the instant motion.

[2] National Business Center is a subsidiary of the Department of the Interior.

## II.  BACKGROUND

### A.  Factual History

On November 11, 2002, on an escalator in defendant DOI's parking garage, an NBC employee sexually assaulted the plaintiff. Compl. The plaintiff's attacker subsequently pled guilty and was convicted of the offense. *Id*. According to the plaintiff, the defendants, knowing that her attacker was "a drug user and a sexual predator," allowed him to return to work at NBC. *Id*. Back at work, he allegedly harassed the plaintiff both in the parking area and in her workplace. *Id.* The plaintiff contends that the defendants refused to move the plaintiff's workplace or otherwise assist her efforts to avoid contact with her attacker. *Id*. The plaintiff claims that the resulting stress exacerbated the post-traumatic stress disorder she developed from the attack. *Id*.

Subsequent to the attack, the plaintiff applied for benefits under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8116(a).[3] Defs.' Mot., Ex. B.[4] In November 2003, the defendants granted the plaintiff's request for FECA benefits. *Id*. The plaintiff continues to work at DOI and is currently on worker's compensation for injuries she sustained in the attack. Defs.' Mot. at 1.

### B.  Procedural History

On October 4, 2005, the plaintiff filed suit against the defendants in the Superior Court of the District of Columbia. Compl. On December 12, 2005, the defendants removed the case to

---

[3] Due to the plaintiff's limited recitation of the facts, the court refers to the defendants' filings when necessary.

[4] Exhibit B to the Defendants' Motion to Dismiss is the plaintiff's administrative request for paid leave related to the attack.

this court, Notice of Removal ¶ 4, and on February 3, 2006, the defendants moved to dismiss for lack of jurisdiction, arguing that the plaintiff failed to demonstrate that the court has jurisdiction to hear her claims, Defs.' Mot. at 3.  Because the plaintiff did not respond to the defendants' motion within the prescribed time period,[5] the court issued an order on February 23, 2006 directing the plaintiff to respond to the complaint and cautioning her that the court may treat the defendants' motion as conceded if the plaintiff failed to respond.[6]  Order (Feb. 23, 2006).  The order directed the plaintiff to respond by May 31, 2006.  *Id*.  The plaintiff has not responded.[7]

### III.   ANALYSIS

#### A.   The Court Grants the Defendants' Motion to Dismiss

The defendants move to dismiss, asserting that the plaintiff's receipt of FECA benefits, as well as her failure to exhaust administrative remedies, bars her claims.  *Id*. at 4-5.  Because the plaintiff is *pro se*, the court cannot dismiss her complaint unless it can say that, even holding her to less stringent pleading standards, it appears beyond doubt that she can prove no set of facts

---

[5] Local Civil Rule 7(b) states that a party must respond with a memorandum of points and authorities in opposition to a motion within 11 days of the date of service or at such other time as the court may direct.  LCvR 7(b).  If a party fails to respond to an opposing party's motion, the court may treat the motion as conceded.  *Id*.

[6] "*Pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."  *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993).  Consequently, this court's February 23, 2006 order provided the plaintiff with "minimal notice of the consequences of not complying with procedural rules."  *Id.*

[7] Under these circumstances, the court can treat the defendants' motion as conceded.  *Flynn v. Thibodeaux Masonry, Inc.*, 311 F. Supp. 2d 30, 40 (D.D.C. 2004) (citing *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003), *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002)).  Out of an abundance of caution, the court addresses the defendants' substantive points.

which entitle her to relief. *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981). Because the plaintiff has received FECA benefits for the attack, however, the plaintiff has forfeited her right to bring suit for damages related to the attack. In addition, because the plaintiff failed to exhaust her administrative remedies, the court lacks jurisdiction to hear her claims. Accordingly, the court grants the defendants' motion to dismiss.

### 1. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### 2. The Plaintiff's Receipt of FECA Benefits Bars All Claims Arising from the Attack

The plaintiff sues the defendants for failing to give her medical treatment at the time of the attack and for negligently allowing her alleged attacker to return to work, thereby creating a hostile work environment and causing her stress. Compl. The defendants argue that the plaintiff applied for, and continues to receive, benefits under FECA for her injuries resulting from the parking garage attack. Defs.' Mot. at 4-5. The defendants claim that the plaintiff cannot bring this action because, according to FECA's terms, a plaintiff who is injured and receives benefits under FECA cannot sue for damages resulting from the same injury. *Id*. The court agrees.

FECA allows employees to receive benefits from their federal employers quickly, without having to litigate a claim and regardless of fault. *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983). The statute, however, provides for exclusive liability. 5 U.S.C. § 8116(c) (explaining that liability of the United States under FECA excludes all other liability to its employees for injury or death in judicial proceedings). Stated differently, an individual

receiving benefits under FECA cannot also sue the government for damages. *Id*. FECA "was designed to protect the Government from suits under statutes [that waive] sovereign immunity." *Lockheed*, 460 U.S. at 193-99. Federal employees can elect "to receive immediate, fixed benefits, regardless of fault and without need for litigation [under FECA], but in return they lose the right to sue the Government." *Id*. at 194 (discussing Congress' intent to create a "*quid pro quo*" structure similar to other worker's compensation legislation). The defendants assert that the plaintiff applied for and currently receives FECA benefits for injuries associated with the attack. Defs.' Mot. 4-5; Ex. B. To prove the plaintiff's receipt of FECA benefits, the defendants reference the plaintiff's application for benefits as well as her pay records. *Id*., Ex. B. Because the plaintiff has not contested these factual allegations, the court treats them as conceded. *See Collett v. Socialist Peoples' Libyan Arab Jamahiriya*, 362 F. Supp. 2d 230, 243 (D.D.C. 2005) (citing *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)).

Receiving FECA benefits bars claims associated with the original event and subsequent negligent acts arising out of the injury. *Spinelli v. Goss*, 2006 U.S. App. LEXIS 11171 at *6-7 (D.C. Cir. May 5, 2006) (interpreting traditional tort theory and the specific language of 5 U.S.C. § 8116(c) to conclude that the receipt of FECA benefits is "a substitute for the whole of the claim" that would have arisen from the original incident). Therefore, the plaintiff's receipt of FECA benefits precludes her from recovering any damages against the government for negligence associated with the attack, including her claims that the defendants knew of the attacker's dangerous tendencies and that the defendants failed to provide her with medical treatment. *Lockheed*, 460 U.S. at 193-99 (stating that FECA's "*quid pro quo*" provision allows

plaintiffs to receive benefits, "but in return they lose the right to sue the Government"). Accordingly, the court grants the defendants' motion to dismiss as to those claims.

### 3. The Plaintiff Failed to Exhaust her Administrative Remedies as to the Remaining Claims

The plaintiff also alleges that the defendants negligently allowed her attacker to return to work, where he continually harassed her. Compl. His presence at work allegedly created a hostile work environment and increased the post traumatic stress disorder the plaintiff suffered from the attack. *Id*. The defendants contend that the FTCA is the only mechanism for bringing negligence claims against the government, and the FTCA requires the plaintiff to exhaust administrative remedies before bringing suit. Defs.' Mot. at 5. The defendants assert that the court must dismiss the plaintiff's claims because she has failed to exhaust her administrative remedies. The court agrees.

#### a. Legal Standard for Exhaustion of Remedies Under the FTCA

The FTCA "grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment, and waives the government's sovereign immunity from such claims." *Sloan v. Dep't of Housing & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1346(b) & 2674). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (upholding the district court's dismissal of an unexhausted FTCA claim for lack of jurisdiction); *see also Grant v. Sec'y, U.S. Dep't of Veterans Affairs*, 2004 WL 287125, at *1 (D.C. Cir. Feb. 4, 2004) (same). Under the FTCA, exhaustion occurs once a claimant has presented the appropriate federal agency with a claim describing the alleged injury with particularity and setting forth a "sum certain" of

damages, and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing.  28 U.S.C. § 2675(a); *Grant*, 2004 WL 287125, at *1.  The presentment requirement "allow[s] the agency to investigate and assess the strength of the claim [and] make an informed decision whether to attempt settlement negotiations."  *Grant*, 2004 WL 287125, at *1 (citing  *GAF Corp. v. United States*, 818 F.2d 901, 919-20 (D.C. Cir. 1987)).

### b. The Plaintiff has Failed to Exhaust her Administrative Remedies

The defendants argue that there is no record of the plaintiff in the DOI's database of administrative claims.  Defs.' Mot. at 5.  In support of their position, the defendants offer a declaration stating that a search of DOI records produced no evidence of the plaintiff having filed an administrative charge.  *Id*., Ex. 1.  Yet again, because the plaintiff has not contested these factual allegations, the court treats them as conceded.  *See Collett*, 362 F. Supp. 2d at 243 (citing *Fox*, 389 F.3d at 1294).  The court, therefore, concludes that the defendants have met their burden to prove that the plaintiff has not exhausted her administrative remedies.  *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) (stating that "because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it").  The court, therefore, dismisses the plaintiff's remaining claims.

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss the complaint. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 1st day of June, 2006.

                                              RICARDO M. URBINA
                                          United States District Judge